IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 5:23 CR 414 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| | ) | |
| SABRINA COLLINS, | ) | **MOTION FOR PROTECTIVE ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

Now comes the United States of America, by and through its counsel, Rebecca C.

Lutzko, United States Attorney, and Toni Beth Schnellinger Feisthamel, Assistant United States

Attorney, hereby respectfully request that this Court issue an order pertaining to disclosures

made by the United States of America to counsel of record for Defendants, employees of defense

counsel of record, and other personnel engaged or employed by defense counsel of record in

connection with this case (collectively, the "Defense Teams") pursuant to the government's

discovery obligations (including under the *Jencks* Act, 18 U.S.C. § 3500, and Rule 16 of the

Federal Rules of Criminal Procedure).

I.      **MOTION FOR PROTECTIVE ORDER.**

    A.      SUMMARY

Pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure, the government

respectfully moves this Court for a protective order prohibiting any member of the Defense

Teams, which includes the Defendants, from disclosing or disseminating any and all discovery material produced by the government in this case, including any and all *Jencks* materials, including reports of prior statements of potential government trial witnesses, documents submitted with said materials (together, the "Discovery Material"), and the substance thereof, to any person or entity in any way without express permission of the Court.  A proposed protective order is attached as "Exhibit 1" hereto.  Furthermore, the government requests that the order require each member of the Defense Team who receives or reviews Discovery Material to sign the appropriate Acknowledgments (attached hereto as "Exhibit 2" for each member of the Defense Team, "Exhibit 3" for each Defendant, and "Exhibit 4" for each witness) referenced in the proposed protective order, and provide a copy to the government or, with permission from the Court, to instead file such Acknowledgment with the Court *ex parte* and under seal.

It is further requested that the following exceptions to the foregoing restrictions be made with respect to the conducting of investigations by members of the Defense Team, so long as the Defense Team members have previously executed the appropriate acknowledgment that has been provided to the government or filed *ex parte* and under seal with the Court, as described above: A Defense Team member may disclose and show Discovery Material to potential witnesses under the following conditions: (1) prior to the actual disclosure, the Defense Team member making an investigative disclosure must provide the Acknowledgment and a copy of the protective order to any individual to whom disclosure will be made and read or summarize the pertinent parts of the protective order prohibiting witnesses from conveying any information to any other person or entity and the consequences of such an unauthorized disclosure, and orally

2

advise the individual of his or her obligation to comply with its terms; (2) prior to the actual

disclosure, the individual to whom disclosure is to be made shall execute an Acknowledgment to

be filed with the Court *ex parte* and under seal within 72 hours of execution, that the individual

has been informed of the existence of the protective order, understands it, and agrees to abide by

its terms; (3) the individual to whom disclosure is made shall not take any notes, otherwise

record any information contained in Discovery Material, or retain copies of such material; (4) the

Defense Team will maintain a log of all individuals to whom disclosure is made, specifying the

time and date of the disclosure and describing the contents of the disclosure; and (5) the Defense

Team will redact *Jencks* and other Discovery Materials so as not to disclose any personal

identifying information or information regarding non-indicted persons before copies of such

documents are shown to the individual, except to the extent such information is that of the

individual to whom such materials are to be shown.  In addition, a Defense Team member

subject to the protective order may show copies of summary charts derived from Discovery

Material to potential witnesses as long as conditions (1) through (5) above are satisfied.

      B.      JUSTIFICATIONS FOR LIMITED DISCLOSURE

Many of the materials that the government will produce in discovery and, including

*Jencks* materials or *Giglio* materials, contain information, including names, addresses, Social

Security numbers, dates of birth, criminal histories as well as other personal identifying

information of the Defendants charged in the indictment in this case.  The information contained

in these documents also includes personal identifying information of persons not charged in the

indictment.  Finally, these documents also include information provided by victims, witnesses

and confidential sources, and information about those individuals. Dissemination of this

confidential and sensitive information increases the risk that privacy rights would be violated and

that confidential sources, victims and witnesses may be at physical risk.

Discovery Materials can be produced in a timelier manner if the government is not

required to undertake time-consuming redactions and is not required to analyze whether each

item produced should be subject to the protective order.  Placing the confidential personal

information of third parties under a protective order puts the government and Defendants in

equal positions, both having full and open access to the same information.  Further, a protective

order serves the interest of protecting the privacy and safety of third parties including victims

and witnesses.

Finally, there are individuals who are named in the Discovery Material who may never be

charged.  Dissemination of this information enhances the risk that privacy rights would be

violated, and disclosure of investigative information regarding un-charged person may result in

undue media attention that could make jury selection more difficult.  *See Gannett Co. v.

DePasquale*, 443 U.S. 368 (1979); *Chandler v. Florida*, 449 U.S. 560 (1981); *Sheppard v.

Maxwell*, 384 U.S. 333 (1966).  The Discovery Material should remain confidential under this

Court's protective order to avoid embarrassment for those persons who may never be charged.

II.      **CONCLUSION**

Accordingly, the United States hereby moves this Court to issue a protective order,

pursuant to Federal Rule of Criminal Procedure 16(d)(1), that applies to all Discovery Materials,

including all *Jencks* and *Giglio* materials and exhibits, and that prohibits any member of the

4

Defense Team from disseminating any and all such materials to any other person or entity

without complying with the terms of the protective order.

 

Respectfully submitted,

REBECCA C. LUTZKO
United States Attorney

By:   /s/ Toni Beth Schnellinger Feisthamel
     Toni Beth Schnellinger Feisthamel
      (OH: 0072638)
     Assistant United States Attorney
     Federal Building
     2 South Main Street, Suite 208
     Akron, Ohio 44308
     (330) 761-0531   FAX: (330) 375-5492
     Toni.Schnellinger.Feisthamel@usdoj.gov